United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-12567-elf |
| Kathy L. Rihl | Chapter 13 |
| Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
| Date Rcvd: Nov 05, 2020 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 07, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Kathy L. Rihl, 3083 Dorchester Street, Furlong, PA 18925-1556 |
| cr | + | PNC BANK NATIONAL ASSOCIATION, c/o KEVIN G. MCDONALD, 701 Market St. Suite 5000, Philadelphia, PA 19106-1541 |
| NONE | + | PNC BANK NATIONAL ASSOCIATION, PO BOX 94982, CLEVELAND, OH 44101-4982 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| NONE | + | Email/Text: Bankruptcy.Notices@pnc.com | Nov 06 2020 01:47:00 | PNC BANK NATIONAL ASSOCIATION, PO BOX 94982, CLEVELAND, OH 44101-4982 |
| cr | + | Email/PDF: gecsedi@recoverycorp.com | Nov 06 2020 02:05:57 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Nov 07, 2020 | Signature: | /s/Joseph Speetjens |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 5, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| KEVIN G. MCDONALD | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com |

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 2 of 2 |
| Date Rcvd: Nov 05, 2020 | Form ID: pdf900 | Total Noticed: 4 |

PAUL H. YOUNG
on behalf of Debtor Kathy L. Rihl support@ymalaw.com
ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com

REBECCA ANN SOLARZ
on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

WILLIAM C. MILLER, Esq.
on behalf of Trustee WILLIAM C. MILLER  Esq. ecfemails@ph13trustee.com, philaecf@gmail.com

WILLIAM C. MILLER, Esq.
ecfemails@ph13trustee.com  philaecf@gmail.com

TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kathy L. Rihl<br>Debtor | CHAPTER 13 |
| PNC BANK NATIONAL ASSOCIATION<br>Movant<br>vs. | NO. 19-12567 ELF |
| Kathy L. Rihl<br>Debtor | |
| William C. Miller, Esquire<br>Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,889.68** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 5, 2020 in the amount of $559.77/month |
| | August 5, 2020 in the amount of $548.95/month |
| | September 5, 2020 in the amount of $548.27/month |
| | October 5, 2020 in the amount of $563.03/month |
| Suspense Balance: | $330.34 |
| **Total Post-Petition Arrears** | **$1,889.68** |

2. The Debtor shall cure said arrearages in the following manner:

    a). On or before October 31, 2020, the Debtor shall make a payment in the amount of **$1,889.68** to cure all post-petition arrears;

3. Beginning with the payment due November 5, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $563.03 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 29, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date:_____

Paul H. Young, Esquire
Attorney for Debtor

Date: _November 3, 2020_

/s/ LeRoy W. Etheridge, Esquire, for
William C. Miller, Esquire
Chapter 13 Trustee

*No objection to its terms, without prejudice to any of our rights and remedies*

**O R D E R**

Approved by the Court this __5th__ day of __November__, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank